Joseph P. Brent [Bar No.:  214459]
David L. Fiol [SBN 203546]
Brent, Fiol & Nolan LLP
One Embarcadero Center, Suite 2860
San Francisco, California 94111
Telephone:   (415) 259-4420
dfiol@bfnlaw.com
*Attorneys for plaintiff Aaron Smith*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AARON SMITH,<br><br>                    plaintiff,<br><br>          vs.<br><br>COUNTY OF ALAMEDA; SHERIFF GREGORY AHERN; SHERIFF'S DEPUTY ALBERT J. SAMS (Badge No.202441); SHERIFF'S DEPUTY J. SELLS (Badge No.1651); SHERRIF'S DEPUTY SCOTT BRANDON (Badge No.1815);  SHERRIF'S DEPUTY MISTY JOHNSON (Badge No.1635); SHERRIF'S DEPUTY JUSTIN MIGUEL (Badge No.1891); SHERRIF'S DEPUTY MARC PETRINI (Badge No.1389); SHERRIF'S DEPUTY SARGEANT E. MARAPAO (Badge No.1486); SHERRIF'S DEPUTY S. LENTHE (Badge No.1227); SHERRIF'S DEPUTY J. WHITE, SHERRIF'S SERGEANT RICHARD FRANCO (Badge No.105055), and DOES 1 to 100, Inclusive,<br><br>                    Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | CASE NO.<br><br>**COMPLAINT FOR DAMAGES**<br><br>1.  VIOLATION OF 42 USC § 1983: FOURTH AMENDMENT<br>2.  VIOLATION OF 42 USC § 1983: FOURTEENTH AMENDMENT<br>3.  VIOLATION OF 42 USC § 1983: SUPERVISOR LIABILITY<br>4.  VIOLATION OF 42 USC § 1983: MUNICIPAL LIABILITY<br>5.  CALIFORNIA CIVIL CODE § 52.1<br>6.  CALIFORNIA CIVIL CODE § 52.1 (MUNICIPAL LIABILITY)<br>7.  CALIFONRIA GOVERNMENT CODE § 845.6<br>8.  ASSAULT<br>9.  BATTERY<br>10. NEGLIGENCE<br><br>**DEMAND FOR JURY TRIAL** |

1

Plaintiff AARON SMITH, by and through his attorneys, BRENT, FIOL & NOLAN LLP, for his Complaint against defendants, states as follows:

## INTRODUCTION

1.      This actions arises out of the illegal home invasion, arrest and beating of the plaintiff by over a half-dozen deputies of the Alameda County Sheriff's Department, which left him with three fractures in his right leg  - fractures that were diagnosed but then left untreated for the five days that he was imprisoned in the Sana Rita jail.  After being released with all charges dropped, Mr. Smith was not even provided the courtesy of a ride home: he was left to make his way by foot and public transit with an untreated broken ankle.  He required multiple surgeries to repair his broken bones and later to treat dangerous infections that almost cost him his leg.  He underwent several skin grafts and is left disabled and disfigured.

2.      This action is brought pursuant to 42 USC §§ 1983 and 1988, the Fourth and Fourteenth Amendments to the United States Constitution, and California statutory and common law.

## JURISDICTION

3.       Subject matter jurisdiction over the claims stated in this action is founded upon 28 USC §§ 1331 and 1343(a)(3) and(4), and the aforementioned statutory and constitutional provisions.  Plaintiff requests that the Court exercise its supplemental jurisdiction pursuant to 28 USC § 1367(a) to hear and decide claims arising under California law.

## INTRADISTRICT ASSIGNMENT

4.      All of the events and/or omissions complained of herein occurred in the County of Alameda, and this action is properly assigned to the Oakland / San Francisco Division.

## PARTIES AND PROCEDURE

5.      Plaintiff AARON SMITH is a resident of Alameda County, California.

6.      Defendant COUNTY OF ALAMEDA ("ALAMEDA COUNTY") is a public entity established by the laws and Constitution of the State of California, and owns, operates,

2

manages, directs, and controls the Alameda County Sheriff's department, also a public entity, which employs other defendants in this action.

7.     At all times mentioned herein defendants SHERIFF GREGORY AHERN; SHERIFF'S DEPUTY ALBERT J. SAMS (Badge No.202441); SHERIFF'S DEPUTY J. SELLS (Badge No.1651); SHERRIF'S DEPUTY SCOTT BRANDON (Badge No.1815);  SHERRIF'S DEPUTY MISTY  JOHNSON (Badge No.1635); SHERRIF'S DEPUTY JUSTIN MIGUEL (Badge No.1891); SHERRIF'S DEPUTY MARC PETRINI (Badge No.1389); SHERRIF'S DEPUTY SARGEANT E. MARAPAO (Badge No.1486); SHERRIF'S DEPUTY S. LENTHE (Badge No.1227); SHERIFF'S DEPUTY J. WHITE, SHERIFF'S SERGEANT RICHARD FRANCO (Badge No.105055), and DOES 1 to 50, Inclusive, were peace officers, sheriffs, sergeants, captains, lieutenants, commanders, chiefs and/or employees, agents, policy makers and representatives of ALAMEDA COUNTY and the Alameda County Sheriff's Department. At all times relevant hereto, each of them were acting within the course and scope of their employment, and the wrongful acts hereinafter described flow from the very exercise of their authority. They are sued in their individual and personal capacity.

8.     The true names and capacities of defendants sued herein as DOES 1-50 ("DOE defendants") are unknown to plaintiff, who therefore sues said defendants by such fictitious names, and plaintiff will seek leave to amend this complaint to show their true names and capacities when the same are ascertained. Each DOE defendant was an employee/agent of ALAMEDA COUNTY and at all material times acted within the course and scope of that relationship. The reason why Plaintiff is ignorant of the true names and capacities of defendants sued herein as DOES 1-50, inclusive, is that same have been unascertainable as of the date of filing of the instant Complaint, as many of these Does may be law enforcement officers and/or civilian employee agents, doctors, nurses, medical and mental health providers, policy makers and representatives of defendant ALAMEDA COUNTY and as such many of their records are protected by state statute and can only reasonably be ascertained through the discovery process.

9.     Plaintiff is informed and believes and thereon alleges that each of the defendants

3

sued herein was negligently, wrongfully, and otherwise responsible in some manner for the events and happenings as hereinafter described, and proximately caused injuries and damages to the plaintiff.  Further, one or more DOE defendants was at all material times responsible for the hiring, training, supervision, and discipline of other defendants, including Doe defendants.

10.     Plaintiff is informed and believes, and thereon alleges, that each of the defendants was at all material times an agent, servant, employee, partner, joint venturer, co-conspirator, and/or alter ego of the remaining defendants, and in doing the things herein alleged, was acting within the course and scope of that conspiracy and relationship. Plaintiff is further informed and believes, and thereon alleges, that each of the defendants herein gave consent, aid, and assistance to each of the remaining defendants, and ratified and/or authorized the acts or omissions of each defendant as alleged herein, except as may be hereinafter otherwise specifically alleged. At all material times, each defendant was jointly engaged in tortious activity, resulting in the deprivation of plaintiff's constitutional rights and other harm.

11.     The acts and omissions of all defendants as set forth herein were at all material times pursuant to the actual customs, policies, practices and procedures of the Alameda County Sheriff's Department,  and/or ALAMEDA COUNTY.

12.     At all material times, each defendant acted under color of the laws, statutes, ordinances, and regulations of the State of California and the United States.

13.     The plaintiff herein timely and properly filed tort claims pursuant to Cal. Gov. Code § 910 et seq., and this action is timely filed within all applicable statutes of limitation.

**GENERAL ALLEGATIONS**

14.     Plaintiff realleges each and every paragraph in this complaint as if fully set forth herein.

15.     On Wednesday, March 13, 2013, plaintiff Aaron Smith was a 60 year old slender black male who worked as a union plumber and lived alone in a small, back-lot dwelling at 20949 Mission Blvd. in unincorporated Hayward.

16.     During the evening of March 13, 2013, a former girlfriend of Mr. Smith, along

4

with a friend of hers who she falsely described to police as her sister, reported to defendant DEPUTY MISTY JOHNSON that Mr. Smith had punched her in the nose during an altercation inside a shopping center located across the street from Mr. Smith's house.  Although the former girlfriend and her "sister" provided differing accounts about where their interactions with Mr. Smith began and where and how the alleged altercation occurred, and the investigation performed by the defendant Sheriff's Deputies failed to turn up a single corroborating witness from among the many employees and customers at the busy shopping center, the defendant Sheriff's Deputies, including in particular defendants DEPUTY ALBERT J. SAMS and DEPUTY MISTY JOHNSON, resolved to take Mr. Smith into custody, without delay.

17.     The fact that the plaintiff was inside his home and behind closed doors when the defendant Sheriff's deputies sought to arrest him made no difference to deputies JOHNSON and SAMS.  They contacted Mr. Smith both by knocking on his door and calling him by telephone, demanding that he leave his home and surrender to them.  Mr. Smith repeatedly told them he was not guilty of a crime, that they should ask the shopkeepers what happened, and that the police would need a warrant to enter his home and arrest him.

18.     At no time did Mr. Smith threaten to hurt a deputy, himself, or any other person. He simply refused to leave his home to voluntarily submit to arrest for charges he denied.

19.     Upon hearing that plaintiff would not submit to their demands, defendant S. LENTHE, with the assistance of unknown defendants, attempted to force his way into Mr. Smith's home with a battering ram.

20.     Although the attempted forcible entry failed, Mr. Smith subsequently opened a door to his home voluntarily and began speaking, loudly but peaceably, to the defendant Sheriff's deputies, while remaining within the confines of his home.

21.     In response to Mr. Smith's act of cooperation, defendants pointed shotguns and other firearms at him.

22.     Through his open door Mr. Smith again told the deputies that he would not leave his home voluntarily and that they should try to get a warrant.  He made no hostile moves and

5

there was no visible indication that anyone else was in the small home with him.

23.     In fact, Mr. Smith was alone in his home.

24.     Despite the absence of any previous physical resistance by the plaintiff, the lack of any evidence that Mr. Smith posed a threat to public safety, the lack of any exigent circumstances, and serious questions about the complaining parties' veracity, which would lead any objective observer to harbor serious doubts as to whether Mr. Smith had committed any crime, defendants ALBERT SAMS, J. SELLS, BRANDON SCOTT, JUSTIN MIGUEL, and MARC PETRINI proceeded to enter the plaintiff's home, grab him, violently pull him outside the home, shove him onto the ground, beat him, and apply violent force to his limbs, causing Mr. Smith severe injuries to several parts of his body, including three fractured bones in his right leg and ankle.

25.     Mr. Smith's ankle injuries were obvious immediately, as the defendant deputies noticed his right ankle was swelling, and witnessed the fact that he could not stand up and walk.

26.     Notwithstanding his injuries, defendants MISTY JOHNSON and DOES 1-50 proceeded to belittle, threaten and intimidate the plaintiff, choking him, and telling him to get up or they would drag his face along the concrete and gravel until they got him to a car.

27.     Meanwhile, as Mr. Smith lay crippled outside of his home, defendants JUSTIN MIGUEL, MARC PETRINI, S. LENTHE, J. WHITE, and DOES 1-50, without a warrant and in blatant violation of the plaintiff's Fourth Amendment rights, proceeded to enter Mr. Smith's home and search it for evidence, finding none.

28.     Plaintiff was transported to Eden Hospital, where x-rays revealed that he had suffered three bone fractures in his right leg and ankle.

29.     The healthcare providers at Eden Hospital, under pressure by defendant deputies BRANDON SCOTT and DOES 1-50, negligently cleared Mr. Smith for release to the Santa Rita jail, despite that his ankle fractures required immediate surgical intervention.

30.     Mr. Smith's fractures were hastily splinted and he was immediately transported to the Santa Rita jail, a facility that is owned and operated by defendant ALAMEDA COUNTY and

6

staffed by deputies and other employees of the Alameda County Sheriff's Department.

31.    Mr. Smith was imprisoned at the Santa Rita jail for five days.

32.    Despite the fact that he was diagnosed with multiple fractures of his right leg, and complained that he was in severe pain, during the entire five day period that he was imprisoned Mr. Smith received no treatment for the fractures he received at the hands of the defendant deputies.

33.    Mr. Smith was released from the Santa Rita jail at approximately 11:00 p.m. on March 18, 2013, after it was determined that no charges would be pursued against him.

34.    Although his untreated fractures made it excruciatingly painful for him to walk, Mr. Smith was not provided with transportation home upon his release.  He was forced to travel home in the middle of the night, on foot and by public transit.

35.    Subsequent to his release from jail Mr. Smith sought treatment for his injuries and required immediate open reduction and internal fixation of his fractures.  He underwent several additional surgeries to treat resulting infections and tissue loss, spending many weeks in hospital.

36.    Mr. Smith came very close to requiring amputation of his lower right leg.

37.    Mr. Smith still is not able to work and needs a wheelchair to travel significant distances.

38.    Mr. Smith gave notice of his intention to file a claim against the County of Alameda within six months of the events giving rise to this action.  His claim was denied by the County of Alameda on January 8, 2014, and this action is being filed within six months of that denial.

39.    The defendants' conduct herein, including but not limited to their improper arrest, excessive use of force, and failure to provide Mr. Smith with critically necessary medical care, and other conduct, under the circumstances, was contrary to generally accepted reasonable arrest, jail and medical procedures and standards, failed to comply with appropriate standards of care, and manifested a deliberate indifference to Mr. Smith's rights under the United States Constitution and California law.

7

40.     At all material times, the culpable actions and omissions of each defendant were intentional, wanton and/or willful, conscience shocking, reckless, malicious, done with actual malice, grossly negligent, negligent, and objectively unreasonable.

41.     As a direct and proximate result of each defendant's acts and/or omissions as set forth above, Mr. Smith sustained serious injuries and damages, past and future, including among others lost earnings, medical expenses, severe pain and suffering, disfigurement, disability, and all damages and penalties recoverable under 42 USC §§ 1983 and 1988, and as otherwise allowed under California and United States statutes, codes, and common law.

### FIRST CAUSE OF ACTION UNDER 42 USC § 1983
### FOURTH AMENDMENT (PERSONAL CAPACITY)

(Sheriff's Deputy Albert J. Sams (Badge No.202441); Sheriff's Deputy J. Sells (Badge No.1651); Sheriff's Deputy Scott Brandon (Badge No.1815);  Sheriff's Deputy Misty  Johnson (Badge No.1635); Sheriff's Deputy Justin Miguel (Badge No.1891); Sheriff's Deputy Marc Petrini (Badge No.1389); Sheriff's Deputy Sergeant E. Marapao (Badge No.1486); Sheriff's Deputy S. Lenthe (Badge No.1227); Sheriff's Deputy J. White, and Does 1 to 50, Inclusive)

42.     Plaintiff realleges each and every paragraph as if fully set forth herein.

43.     On March 13, 2013, defendants ALBERT J. SAMS (Badge No.202441); SHERIFF'S DEPUTY J. SELLS (Badge No.1651); SHERRIF'S DEPUTY SCOTT BRANDON (Badge No.1815);  SHERRIF'S DEPUTY MISTY  JOHNSON (Badge No.1635); SHERRIF'S DEPUTY JUSTIN MIGUEL (Badge No.1891); SHERRIF'S DEPUTY MARC PETRINI (Badge No.1389); SHERRIF'S DEPUTY SARGEANT E. MARAPAO (Badge No.1486); SHERRIF'S DEPUTY S. LENTHE (Badge No.1227); SHERIFF'S DEPUTY J. WHITE, and DOES 1 to 50, Inclusive, acting under claim of governmental authority, unlawfully and without plaintiff's consent forcibly entered plaintiff's home and arrested plaintiff for alleged violations of state law, and then and there searched plaintiff's premises. Defendants conducted the arrest and search without a warrant and in an unreasonable manner, thereby violating plaintiff's rights under the Fourth Amendment of the United States Constitution.

COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL                    CASE NO.

44.     The aforementioned defendants used unreasonable excessive force in making the arrest, further violating plaintiff's rights under the Fourth Amendment of the United States Constitution, causing Mr. Smith serious pain and suffering and permanent physical injuries.

45.     Subsequent to the above-described warrantless arrest, search and seizure, no charges were pursued against plaintiff.

46.     As a result of the aforementioned defendants' unlawful conduct plaintiff suffered serious and permanent pain and personal injuries, disability and disfigurement, economic losses, great humiliation, embarrassment, and mental suffering, all to plaintiff's damage.

47.     Plaintiff is entitled to seek damages suffered as a result of the above-described illegal and wrongful arrest and search pursuant to 28 U.S.C. § 1983 and 1988.

48.     The aforementioned defendants acted maliciously and with wanton disregard of plaintiff's rights and feelings for which plaintiff seeks punitive damages.


**SECOND CAUSE OF ACTION UNDER 42 USC § 1983**
**FOURTEENTH AMENDMENT (PERSONAL CAPACITY)**

(Sheriff's Deputy Albert J. Sams (Badge No.202441); Sheriff's Deputy J. Sells (Badge No.1651); Sheriff's Deputy Scott Brandon (Badge No.1815);  Sheriff's Deputy Misty  Johnson (Badge No.1635); Sheriff's Deputy Justin Miguel (Badge No.1891); Sheriff's Deputy Marc Petrini (Badge No.1389); Sheriff's Deputy Sergeant E. Marapao (Badge No.1486); Sheriff's Deputy S. Lenthe (Badge No.1227); Sheriff's Deputy J. White, and Does 1 to 50, Inclusive)

49.     Plaintiff realleges each and every paragraph as if fully set forth herein.

50.     Defendants SHERIFF'S DEPUTY ALBERT J. SAMS (Badge No.202441); SHERIFF'S DEPUTY J. SELLS (Badge No.1651); SHERRIF'S DEPUTY SCOTT BRANDON (Badge No.1815);  SHERRIF'S DEPUTY MISTY  JOHNSON (Badge No.1635); SHERRIF'S DEPUTY JUSTIN MIGUEL (Badge No.1891); SHERRIF'S DEPUTY MARC PETRINI (Badge No.1389); SHERRIF'S DEPUTY SARGEANT E. MARAPAO (Badge No.1486); SHERRIF'S

9

DEPUTY S. LENTHE (Badge No.1227); SHERIFF'S DEPUTY J. WHITE, and DOES 1 to 50, Inclusive, acting under the color of state law in their individual and personal capacities, deprived Mr. Smith of the rights, privileges and immunities secured by the Fourteenth Amendment to the United States Constitution, to not be deprived of life and liberty without due process of law, and to be free from cruel and unusual punishment, by subjecting him, or through their deliberate indifference allowing others to subject him, to improper arrest procedures, improper medical monitoring, delay and denial of access to medical care for a serious but treatable medical condition, all leading to his damages as set forth above.

51.     The aforementioned defendants knew or must have known that Mr. Smith's medical condition was serious but treatable and knew or must have known that he required careful monitoring, and access to and delivery of urgently needed medical care, and that they had a duty to provide Mr. Smith reasonable housing to allow for monitoring of his health, yet they deliberately failed to provide for any of those needs.

52.     As a result of these defendants' deliberate indifference to Mr. Smith's need for medical care and treatment, and their disregard and ignoring of said condition, Mr. Smith suffered damages, pain and suffering, anxiety, confusion, disorientation, deprivation of his constitutional rights and other damages in an amount not yet ascertained but to be proven.

53.     By the actions and omissions described above, the aforementioned defendants violated 42 USC § 1983, and deprived Mr. Smith of the clearly-established and well-settled constitutional rights protected by the Fourteenth Amendment to U.S. Constitution to be free from deliberate indifference to his liberty and serious medical needs while in custody as a pretrial detainee.

54.     Defendants subjected Mr. Smith to their wrongful conduct knowingly, maliciously, and with conscious and reckless disregard for whether the rights and safety of Mr. Smith.

55.     As a direct and proximate result of defendants' acts and/or omissions as set forth above, Mr. Smith sustained injuries and damages as set forth above.

10

56.     The conduct of the aforementioned defendants entitles Mr. Smith to punitive

damages and penalties allowable under 42 USC § 1983 and other state and federal law.

57.     Mr. Smith is also entitled to reasonable costs and attorney fees under 42 USC §

1988 and applicable federal and California codes and laws.

### THIRD CAUSE OF ACTION UNDER 42 USC § 1983
### FOURTH AND FOURTEENTH AMENDMENTS - SUPERVISORY LIABILITY

(Sheriff Gregory Ahern, Sheriff's Sergeant Richard
Franco (Badge No.105055) and Does 51-100, Inclusive)

58.     Plaintiff realleges each and every paragraph as if fully set forth herein.

59.     On or before March 13, 2013, defendants SHERIFF GREGORY AHERN,

SHERIFF'S SERGEANT RICHARD FRANCO (Badge No.105055) and DOES 51-100,

Inclusive) failed to properly train, assign, supervise, and guide their deputies and subordinates

and medical personnel at the ALAMEDA County Jail to take necessary measures to ensure the

liberty, health and safety of citizens and arrested persons and to ensure that they are provided

with all necessary monitoring and medical care.

60.     On or about March 13, 2013, and for some time prior thereto and since that time,

the aforementioned defendants have either participated in, or known of, or must have known of

their subordinates' deliberate indifference in failing to follow proper arrest, search and seizure

procedures, and in failing to take measures to ensure that a person in custody be provided with

all necessary monitoring and medical care to protect his or her health and safety, subsequently

causing injuries or deaths.

61.     Furthermore, on or before March 13, 2013, defendant SHERIFF GREGORY

AHERN and DOES 51-100 failed to properly supervise the medical services for arrestee-

inmates, in that ALAMEDA COUNTY jail personnel were not trained to properly classify,

COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL                    CASE NO.

house or monitor pretrial detainees suffering from health conditions, failed to provide appropriate care to pretrial detainees for serious but treatable medical conditions, and operated without adequate safeguards, audits, or reporting requirements reviewable by supervisors.

62.     Additionally, as policy making officials for defendant ALAMEDA COUNTY, defendants SHERIFF GREGORY AHERN and DOES 51-100, Inclusive, were responsible for those municipal defendants' unconstitutional customs, policies, practices, and procedures, as well as failures to properly hire, train, instruct, monitor, supervise, evaluate, investigate, manage, and discipline, as described above, and they ratified the misconduct and constitutional violations as described above.

63.     Said acts and omissions, customs and practices by the aforementioned defendants set in motion a series of acts by their subordinates that they knew or must have known would cause the subordinates to deprive the Mr. Smith of his rights as alleged above.

64.     As a direct and proximate result of the actions, omissions, and practices of the aforementioned defendants, Mr. Smith sustained serious and permanent injuries and is entitled to compensatory and punitive damages, penalties, costs and attorney fees as set forth above.

### FOURTH CAUSE OF ACTION UNDER 42 USC § 1983
### FOURTH AND FOURTEENTH AMENDMENT - MUNICIPAL LIABILITY

(Alameda County)

65.     Plaintiff realleges each and every paragraph as if fully set forth herein.

66.     All of the named individual defendants and DOES 1 to 50 were responsible for providing Mr. Smith with proper arrest, classification, housing, and monitoring procedures and access to medical care. They acted in conformity with ALAMEDA COUNTY's customs, policies and practices in failing to conduct a reasonable and proper arrest of Mr. Smith, in the

12

use of excessive and unreasonable force during his arrest, in conducting in an improper search of his home, and in failing to provide Mr. Smith with obviously needed medical care.

67.     DOES 1-50 are medical personnel responsible for providing Mr. Smith and other prisoners at ALAMEDA COUNTY's jail with proper evaluation, classification, housing, monitoring, and medical care. They were fully aware that Mr. Smith was in emergent need of access to medical care, but acted in conformity with ALAMEDA COUNTY's custom, policy and practice of denying pretrial detainees at the jail access to medical attention, failing to properly classify, house or monitor pretrial detainees suffering from health conditions, and/or failing to provide medical care for serious medical conditions.

68.     The unconstitutional actions and/or omissions of the individual named defendants and DOES 1 to 50, as well as other officers and staff employed by or acting on behalf of defendant ALAMEDA COUNTY, on information and belief, were pursuant to customs, policies, practices, and/or procedures which were directed, encouraged, allowed, and/or ratified by policy making officers for ALAMEDA COUNTY, including defendant SHERIFF GREGORY AHERN, including the following:

a.     Failing to obtain required arrest and search warrants;

b.     Failing to engage in reasonable and proper arrest procedures including use of unnecessary and excessive force.

c.     Failing to provide proper and appropriate training and testing of deputies.

d.     Failing to adopt and enforce appropriate policies and procedures.

e.     Failing to properly classify, house and/or monitor pretrial detainees suffering from medical conditions and emergencies;

f.     Failing to provide medical care for pretrial detainees with serious medical needs.

g.     Condoning and encouraging efforts to cover up violations of constitutional

13

rights through the use of falsified records and testimony.

        h.     Failing to properly investigate and/or evaluate complaints or incidents

        i.     Ignoring and/or failing to properly and adequately investigate and discipline unconstitutional or unlawful activity.

69.    As a result of the aforesaid, defendant ALAMEDA COUNTY failed to properly hire, train, instruct, monitor, supervise, evaluate, investigate, manage, and discipline each of the individually named defendants and DOES 1-50, and other Sheriff's Deputies and staff, with deliberate indifference to Plaintiff's and other citizens' constitutional rights, which were thereby violated as described above.

70.    The unconstitutional actions and/or omissions of each of the individually named defendants and DOES 1-50, as described above, were approved, tolerated and/or ratified by policy making officers for ALAMEDA COUNTY.  Plaintiff is informed and believes, and thereupon alleges, the details of this incident have been revealed to the authorized policy makers within ALAMEDA COUNTY, including Defendant SHERIFF GREGORY AHERN, and that such policy makers have direct knowledge of the fact that Mr. Smith was unlawfully arrested, maliciously beaten, and denied necessary care for his serious medical needs among other rights and accommodations. Notwithstanding this knowledge, the authorized policy makers within ALAMEDA COUNTY, including Defendant SHERIFF GREGORY AHERN, approved of the individual defendants' conduct and decisions in this matter, and made a deliberate choice to endorse such conduct and decisions, and the basis for them.  By so doing, the authorized policy makers within ALAMEDA COUNTY, including Defendant SHERIFF GREGORY AHERN, showed affirmative agreement with the individual defendant officers' and agents' actions, and have ratified the unconstitutional acts of the individual defendant officers and agents.

71.    The aforementioned customs, policies, practices, and procedures, the failures to

properly and adequately hire, train, instruct, monitor, supervise, evaluate, investigate, and

discipline, as well as the unconstitutional orders, approvals, ratification and toleration of

wrongful conduct of ALAMEDA COUNTY were a moving force and/or a proximate cause of

the deprivations of Mr. Smith's clearly-established and well-settled constitutional rights in

violation of 42 USC § 1983, as more fully set forth above.

72.     As a direct and proximate result of the unconstitutional actions, omissions,

customs, policies, practices and procedures of ALAMEDA COUNTY as described above,

plaintiff sustained serious and permanent injuries and is entitled to damages, penalties, costs and

attorney fees as set forth above, not including punitive damages.

### FIFTH CAUSE OF ACTION UNDER CALIFORNIA CIVIL CODE § 52.1

(COUNTY OF ALAMEDA, SHERIFF'S DEPUTY ALBERT J. SAMS (Badge No.202441);
SHERIFF'S DEPUTY J. SELLS (Badge No.1651); SHERRIF'S DEPUTY SCOTT BRANDON
(Badge No.1815); SHERRIF'S DEPUTY MISTY  JOHNSON (Badge No.1635); SHERRIF'S
DEPUTY JUSTIN MIGUEL (Badge No.1891); SHERRIF'S DEPUTY MARC PETRINI (Badge
No.1389); SHERRIF'S DEPUTY SARGEANT E. MARAPAO (Badge No.1486); SHERRIF'S
DEPUTY S. LENTHE (Badge No.1227); SHERIFF'S DEPUTY J. WHITE, and DOES 1-50,
Inclusive)

73.     Plaintiff realleges each and every paragraph as if fully set forth herein.

74.     Using threats, intimidation, and coercion, including but not limited to ordering

plaintiff to open his doors and leave his home when they knew he had no legal obligation to do

so, attempting to break down his door with a battering ram, pointing firearms at the plaintiff,

violently pulling the plaintiff out of his home after he opened his door, throwing the plaintiff to

the ground and beating him, arresting him, threatening to drag his face through concrete and

gravel, and thereafter entering his home and conducting a search without a warrant, defendants

SHERIFF'S DEPUTY ALBERT J. SAMS (Badge No.202441); SHERIFF'S DEPUTY J. SELLS

(Badge No.1651); SHERRIF'S DEPUTY SCOTT BRANDON (Badge No.1815);  SHERRIF'S

DEPUTY MISTY JOHNSON (Badge No.1635); SHERRIF'S DEPUTY JUSTIN MIGUEL

15

(Badge No.1891); SHERRIF'S DEPUTY MARC PETRINI (Badge No.1389); SHERRIF'S DEPUTY SARGEANT E. MARAPAO (Badge No.1486); SHERRIF'S DEPUTY S. LENTHE (Badge No.1227);  SHERIFF'S DEPUTY J. WHITE, and DOES 1-50, Inclusive, attempted to and did interfere with plaintiff's rights and privileges secured under the Fourth Amendment and the Fourteenth Amendment to the United States Constitution, and the laws of the State of California and the California Constitution.

75.    The aforementioned defendants subjected plaintiff to such wrongful conduct, depriving plaintiff of rights described herein, knowingly, maliciously, and/or with conscious and reckless disregard for whether the rights and safety of plaintiff would be violated by their acts and/or omissions.

76.    Defendant ALAMEDA COUNTY is vicariously liable for the violations of California Civil Code Sections 52 and 52.1 committed by each and every other defendant in this action.

77.    As a direct and proximate result of the aforementioned defendants' acts and/or omissions as set forth above, plaintiff sustained injuries and damages as set forth in this complaint.

78.    The conduct of the aforementioned defendants entitles plaintiff to an award of actual damages, punitive damages up to three times actual damages, a civil penalty of $25,000, and attorneys' fees pursuant to California Civil Code Sections 52 and 52.1.  Plaintiff also claims reasonable costs and attorneys' fees under Civil Code §52.1 and as allowed by law.

### SIXTH CAUSE OF ACTION UNDER CALIFORNIA CIVIL CODE §52.1

(Defendant County of Alameda and DOES 51-100)

79.    Plaintiff realleges each and every paragraph as if fully set forth herein.

80.    Defendants County of Alameda and Does 51-100, as a matter of policy, practice

16

and custom, have with deliberate indifference failed to adequately train, instruct, monitor, supervise or otherwise direct its officers and employees, including the individual Defendants herein, concerning the rights of citizens, with deliberate indifference to citizens' and plaintiffs rights and privileges secured under the Fourth Amendment and the Fourteenth Amendment to the United States Constitution, and the laws of the State of California and the California Constitution, which were thereby violated as described above.

81.      Defendants County of Alameda and Does 51-100, as a matter of policy, practice and custom, have with deliberate indifference failed to use adequate hiring procedures, thereby resulting in negligent and reckless hiring of the individual defendants, with deliberate indifference to citizens' and plaintiffs rights and privileges secured under the Fourth Amendment and the Fourteenth Amendment to the United States Constitution, and the laws of the State of California and the California Constitution, which were thereby violated as described above.

82.      The unconstitutional actions and/or omissions of the individual defendant deputies and other officers, as described above, were ordered, approved, tolerated, authorized, directed, and/or ratified by policy making officers for the defendant County of Alameda, including Does 51-100.

83.      As a direct and proximate result of the unconstitutional actions, omissions, customs, policies practices and procedures of defendants County of Alameda and Does 51-100 as described above, plaintiff sustained serious, severe and permanent injuries as described in this complaint, which entitles plaintiff to an award of actual damages, punitive damages up to three times actual damages, a civil penalty of $25,000, and attorneys' fees pursuant to California Civil Code §§ 52 and 52.1.

**SEVENTH CAUSE OF ACTION UNDER CALIFORNIA GOVT. CODE § 845.6**

(ALAMEDA COUNTY, SHERIFF'S DEPUTY

17

ALBERT J. SAMS (Badge No.202441), DOES 1-50, Inclusive)

84.   Plaintiff realleges each and every paragraph as if fully set forth herein.

85.   Defendants SHERIFF'S DEPUTY ALBERT J. SAMS (Badge No.202441) and DOES 1-50, Inclusive knew or had reason to know that Mr. Smith was in need of immediate and a higher level of medical care, treatment, observation and monitoring, that he required special housing for his own safety and well-being, and each failed to take reasonable action to summon and/or to provide him access to such medical care and treatment and/or provide him housing accommodations indicated for him under such circumstances.  Each such individual defendant, employed by and acting within the course and scope of his or her employment with defendant ALAMEDA COUNTY, knowing and/or having reasons to know this, failed to take reasonable action to summon and/or provide Mr. Smith access to such care, treatment, and housing in violation of Cal. Gov. Code § 845.6.

86.   As legal cause of the aforementioned acts Mr. Smith was injured as set forth above and his losses entitle him to damages under California law.

### EIGHTH CAUSE OF ACTION FOR COMMON LAW ASSAULT

(Sheriff's Deputy Albert J. Sams (Badge No.202441); Sheriff's Deputy J. Sells (Badge No.1651); Sheriff's Deputy Scott Brandon (Badge No.1815);  Sheriff's Deputy Misty  Johnson (Badge No.1635); Sheriff's Deputy Justin Miguel (Badge No.1891); Sheriff's Deputy Marc Petrini (Badge No.1389); Sheriff's Deputy Sergeant E. Marapao (Badge No.1486); Sheriff's Deputy S. Lenthe (Badge No.1227); Sheriff's Deputy J. White, and Does 1 to 50, Inclusive)

87.   Plaintiff realleges each and every paragraph as if fully set forth herein.

88.   Defendants Sheriff's Deputy Albert J. Sams (Badge No.202441); Sheriff's Deputy J. Sells (Badge No.1651); Sheriff's Deputy Scott Brandon (Badge No.1815);  Sheriff's Deputy Misty  Johnson (Badge No.1635); Sheriff's Deputy Justin Miguel (Badge No.1891); Sheriff's Deputy Marc Petrini (Badge No.1389); Sheriff's Deputy Sergeant E. Marapao (Badge No.1486); Sheriff's Deputy S. Lenthe (Badge No.1227); Sheriff's Deputy J. White, and Does 1 to 50,

18

Inclusive, by committing acts of threatened or actual violence against plaintiff, including but not limited to attempting to break down the door of his home, pointing firearms at him, dragging him out of his home, throwing him to the ground, beating him, twisting and applying pressure to his limbs, choking him, and threatening to drag his face along the ground if he did not get up, placed plaintiff in immediate fear of great bodily harm.

89. The aforementioned acts were committed by defendants while in the course and scope of their employment by defendant County of Alameda.

90. Plaintiff did not consent to such violent and offensive acts and contact by these defendants. As a proximate result of those defendants intentional and wrongful conduct, plaintiff suffered damages.

### NINTH CAUSE OF ACTION FOR COMMON LAW BATTERY

(County of Alameda, Sheriff's Deputy Albert J. Sams (Badge No.202441); Sheriff's Deputy J. Sells (Badge No.1651); Sheriff's Deputy Scott Brandon (Badge No.1815); Sheriff's Deputy Misty Johnson (Badge No.1635); Sheriff's Deputy Justin Miguel (Badge No.1891); Sheriff's Deputy Marc Petrini (Badge No.1389); Sheriff's Deputy Sergeant E. Marapao (Badge No.1486); Sheriff's Deputy S. Lenthe (Badge No.1227); Sheriff's Deputy J. White, and Does 1 to 50, Inclusive)

91. Plaintiff realleges each and every paragraph as if fully set forth herein..

92. Defendants Sheriff's Deputy Albert J. Sams (Badge No.202441); Sheriff's Deputy J. Sells (Badge No.1651); Sheriff's Deputy Scott Brandon (Badge No.1815); Sheriff's Deputy Misty Johnson (Badge No.1635); Sheriff's Deputy Justin Miguel (Badge No.1891); Sheriff's Deputy Marc Petrini (Badge No.1389); Sheriff's Deputy Sergeant E. Marapao (Badge No.1486); Sheriff's Deputy S. Lenthe (Badge No.1227); Sheriff's Deputy J. White, and Does 1 to 50, Inclusive, by committing violence against plaintiff, intentionally caused offensive contact with

19

Plaintiff's person.

93.    Plaintiff did not consent to such violent and offensive acts and contact by Defendants.

94.    The aforementioned acts were committed by defendants while in the course and scope of their employment by defendant County of Alameda.

95.    As a proximate result of those defendants intentional and wrongful conduct, plaintiff suffered damages.

### TENTH CAUSE OF ACTION BASED ON NEGLIGENCE

(County of Alameda, Sheriff Gregory Ahern, Sheriff's Sergeant Richard Franco (Badge No.105055), Sheriff's Deputy Albert J. Sams (Badge No.202441); Sheriff's Deputy J. Sells (Badge No.1651); Sheriff's Deputy Scott Brandon (Badge No.1815);  Sheriff's Deputy Misty Johnson (Badge No.1635); Sheriff's Deputy Justin Miguel (Badge No.1891); Sheriff's Deputy Marc Petrini (Badge No.1389); Sheriff's Deputy Sergeant E. Marapao (Badge No.1486); Sheriff's Deputy S. Lenthe (Badge No.1227); Sheriff's Deputy J. White, and Does 1 to 100, Inclusive)

96.    Plaintiff realleges each and every paragraph as if fully set forth herein.

97.    At all times, defendants County of Alameda, Sheriff Gregory Ahern, Sheriff's Sergeant Richard Franco (Badge No.105055), Sheriff's Deputy Albert J. Sams (Badge No.202441); Sheriff's Deputy J. Sells (Badge No.1651); Sheriff's Deputy Scott Brandon (Badge No.1815);  Sheriff's Deputy Misty  Johnson (Badge No.1635); Sheriff's Deputy Justin Miguel (Badge No.1891); Sheriff's Deputy Marc Petrini (Badge No.1389); Sheriff's Deputy Sergeant E. Marapao (Badge No.1486); Sheriff's Deputy S. Lenthe (Badge No.1227); Sheriff's Deputy J. White, and Does 1 to 100, Inclusive), owed Mr. Smith the duty to act with reasonable care and skill in the execution and enforcement of their duties pursuant to California Government Code Sections 820 and 844.6(d), and California Civil Code Sections 1708 and 1714(a).

98.    The aforementioned defendants breached their duties to act with reasonable care in that:

20

(a) Defendant Ahern negligently hired, trained, supervised, managed and retained other agents and employees of ALAMEDA COUNTY and permitted incompetent, untrained, and otherwise unfit individuals to serve in the Alameda County Sheriff's Department and Santa Rita Jail.

(b) Defendants negligently arrested and physically injured the plaintiff and entered his home.

(c) Defendants negligently failed to provide for the provision of adequate medical care to a prisoner in their custody.

99.     Defendant ALAMEDA COUNTY is vicariously liable for the common law torts of its employees and agents, including the aforementioned individual defendants, pursuant to California Government Code Section 815.2(a).

100.     Non parties employed at Eden Hospital, Highland Hospital and the Alameda County Jail as medical professionals, including nurses, nurse practitioners, and physician's assistants were negligent in their provision of medical care to Mr. Smith in that they negligently cleared Mr. Smith for placement in the Alameda County Jail when he suffered from ankle fractures that required immediate care and treatment, negligently failed to divert Mr. Smith to appropriate medical facilities instead of accepting him into jail custody, negligently classified Mr. Smith so that he was not housed appropriately and provided with adequate medical care, and were otherwise negligent, and all such negligent acts and omissions are the responsibility of the named defendants under California and federal law.

101.     As a direct and proximate result of the aforementioned negligence, plaintiff sustained serious and permanent injuries and damages, and is entitled to relief from each and every defendant.

102.     Plaintiff also is entitled to and seeks punitive damages against all individual

21

COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL                    CASE NO.

defendants in their individual capacities.

WHEREFORE, plaintiff prays for judgment as follows:

1.  For general damages, including to compensate him for emotional distress, pain and suffering and disfigurement, according to proof at the time of trial,

2.  For special damages, including medical care expenses, lost past and future earnings, and lost capacity to earn, according to proof at the time of trial;

3.  For punitive and exemplary damages as against the individual defendants commensurate with the acts complained of;

4.  For costs of suit and reasonable attorneys' fees;

5.  For a civil penalty of $25,000, and attorneys fees pursuant to California Civil Code § 52.1;

6.  For other damages. penalties, costs, interest, and attorney fees as allowed by 42 USC §§ 1983 and 1988, Cal. Code of Civ. Proc. § 1021.5, and as otherwise may be allowed by California and/or federal law; and

7.  For such other and further relief and damages as the Court may deem just and proper.

Dated:  July 7, 2014                    BRENT, FIOL & NOLAN LLP


                                        By:_____/s_____
                                           David L. Fiol


                             **<u>DEMAND FOR JURY</u>**

Plaintiff hereby requests a trial by jury.


Dated:  July 7, 2014                    BRENT, FIOL & NOLAN LLP


                                        By:_____/s_____
                                           David L. Fiol

COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL                    CASE NO.