1  TIMOTHY P. MURPHY, ESQ. (120920)
2  OWEN T. ROONEY, ESQ. (127830)
   EDRINGTON, SCHIRMER & MURPHY LLP
3  2300 Contra Costa Boulevard, Suite 450
   Pleasant Hill, CA  94523-3936
4  Telephone:  (925) 827-3300
   Facsimile:   (925) 827-3320

5  Attorneys for Defendants
6  COUNTY OF ALAMEDA; SHERIFF GREGORY AHERN; SHERIFF'S DEPUTY ALBERT J.
   SAMS; SHERIFF'S DEPUTY J. SELLS; SHERIFF'S DEPUTY SCOTT BRANDON;
   SHERIFF'S DEPUTY MISTY JOHNSON; SHERIFF'S DEPUTY JUSTIN MIGUEL;
7  SHERIFF'S DEPUTY MARC PETRINI; SHERIFF'S SERGEANT E. MARAPAO; SHERIFF'S
   DEPUTY S. LENTHE; SHERIFF'S DEPUTY J. WHITE; SHERIFF'S SERGEANT RICHARD
8  FRANCO

9

10              UNITED STATES DISTRICT COURT

11            NORTHERN DISTRICT OF CALIFORNIA

12

13  AARON SMITH,                          | CASE NO.:  CV14-03080 MEJ

14              Plaintiff,

15       vs.                               | **STIPULATED PROTECTIVE ORDER
                                           | REGARDING PRODUCTION OF
16  COUNTY OF ALAMEDA; SHERIFF            | CONFIDENTIAL RECORDS**
    GREGORY AHERN; SHERIFF'S DEPUTY
17  ALBERT J. SAMS (Badge No. 202441);
    SHERIFF'S DEPUTY J. SELLS (Badge No.
18  1651); SHERIFF'S DEPUTY SCOTT
    BRANDON (Badge No. 1815); SHERIFF'S
19  DEPUTY MISTY JOHNSON (Badge No.
    1635); SHERIFF'S DEPUTY JUSTIN
20  MIGUEL (Badge No. 1891); SHERIFF'S
    DEPUTY MARC PETRINI (Badge No. 1389);
21  SHERIFF'S DEPUTY SERGEANT E.
    MARAPAO (Badge No. 1486); SHERIFF'S
22  DEPUTY S. LENTHE (Badge No. 1227);
    SHERIFF'S DEPUTY J. WHITE; SHERIFF'S
23  SERGEANT RICHARD FRANCO (Badge No.
    105055), and DOES 1-100, Inclusive,
24
                Defendants.
25

26  ///

27  ///

28

                          1

The parties, by and through their respective attorneys of record, hereby stipulate to the following protective order being issued in this matter:

1.     <u>PURPOSES AND LIMITATIONS</u>

Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation would be warranted. Accordingly, the parties hereby stipulate to and petition the court to enter the following Stipulated Protective Order. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords extends only to the limited information or items that are entitled under the applicable legal principles to treatment as confidential. The parties further acknowledge, as set forth in Section 10, below, that this Stipulated Protective Order creates no entitlement to file confidential information under seal; Civil Local Rule 79-5 and General Order 62 set forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal.

2.     <u>DEFINITIONS</u>

2.1     <u>Party</u>:

Any party to this action, including all of its officers, directors, employees, consultants, retained experts, and outside counsel (and their support staff).

2.2     <u>Challenging Party</u>:

A Party or Non-Party that challenges the designation of information or items under this Order.

2.3     <u>Non-Party</u>:

Any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

2.4     <u>Disclosure or Discovery Material</u>:

All items or information, regardless of the medium or manner generated, stored or maintained (including, among other things, testimony, transcripts, or tangible things) that are

1   produced or generated in disclosures or responses to discovery by any Party in this matter.

2   2.5        "Confidential" Information or Items:

3         Information (regardless of how generated, stored or maintained) or tangible things that

4   qualify for protection under standards developed under F.R.Civ.P. 26(c).  This material includes,

5   but is not limited to, confidential records designated as such, including the existence of such

6   records and/or information.

7   2.6        "Highly Confidential – Attorneys' Eyes Only" Information or Items:

8       Extremely sensitive "Confidential Information or Items" whose disclosure to another Party

9   or non-party would create a substantial risk of serious injury that could not be avoided by less

10  restrictive means.  This material includes but it not limited to officer personnel records, juvenile

11  records, officer disciplinary records, and Internal Affairs files and information on witnesses

12  identified in each parties' initial disclosures.

13  2.7        Receiving Party:

14        A Party that receives Disclosure or Discovery Material from a Producing Party.

15  2.8        Producing Party:

16        A Party or non-party that produces Disclosure or Discovery Material in this action.

17  2.9        Designating Party:

18        A Party or non-party that designates information or items that it produces in disclosures or

19  in responses to discovery as "Confidential" or "Highly Confidential – Attorneys' Eyes Only."

20  2.10       Protected Material:

21        Any Disclosure or Discovery Material that is designated as "Confidential" or "Highly

22  Confidential – Attorneys' Eyes Only."

23  2.11       Outside Counsel:

24        Attorneys who are not employees of a Party but who are retained to represent or advise a

25  party in this action.

26  2.12       House Counsel:

27        Attorneys who are employees of a Party.

28  2.13       Counsel (without qualifier):

1        Outside Counsel and House Counsel (as well as their support staffs).

2    2.14        Expert:

3        A person with specialized knowledge or experience in a matter pertinent to the litigation

4    who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in

5    this action and who is not a past or a current employee of a Party or of a competitor of a Party and

6    who, at the time of retention, is not anticipated to become an employee of a party or a competitor

7    of a Party.

8    2.15        Professional Vendors:

9        Persons or entities that provide litigation support services (e.g., photocopying;

10   videotaping; translating; preparing exhibits or demonstrations; organizing, storing, retrieving data

11   in any form or medium; etc.) and their employees and subcontractors.

12   3.        SCOPE

13       The protections conferred by this Stipulation and Order cover not only Protected Material

14   (as defined above), but also (1) any information copied or extracted from Protected Material; (2)

15   all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony,

16   conversations, or presentations by Parties or their Counsel that might reveal Protected Material.

17   However, the protections conferred by this Stipulation and Order do not cover the following

18   information: (a) any information that is in the public domain at the time of disclosure to a

19   Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a

20   result of publication not involving a violation of this Order, including becoming part of the public

21   record through trial or otherwise; and (b) any information known to the Receiving Party prior to

22   the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained

23   the information lawfully and under no obligation of confidentiality to the Designating Party. Any

24   use of Protected Material at trial shall be governed by a separate agreement or order.

25   4.        DURATION

26       Even after final disposition of this litigation, the confidentiality obligations imposed by

27   this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court

28   order otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all

claims and defenses in this action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

5.      DESIGNATING PROTECTED MATERIAL

5.1      Exercise of Restraint and Care in Designating Material for Protection

Each Party or non-party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards.  A Designating Party must take care to designate for protection only those parts of material, documents, items, or oral or written communications that qualify – so that other portions of the material, documents, items or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

Mass, indiscriminate, or routine designations are prohibited.  Designations that are shown to be clearly unjustified, or that have been made for an improper purpose (e.g., to unnecessarily encumber or retard the case development process, or to impose unnecessary expenses and burdens on other parties), expose the Designating Party to sanctions.

If it comes to a Party's or a non-party's attention that information or items that it designated for protection do not qualify for protection at all, or do not qualify for the level of protection initially asserted, that party or non-party must promptly notify all other parties that it is withdrawing the mistaken designation.

5.2      Manner and Timing of Designations

Except as otherwise provided in this Order (see, e.g., second paragraphs of section 5.2(a), below), or as otherwise stipulated or ordered, material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

(a)      For information in documentary form (apart from transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend "CONFIDENTIAL" at the top of each page that contains protected material and/or the first page of stapled/clipped materials

1    if it is a group of related documents.  If only a portion or portions of the material on a page

2    qualifies for protection, the Producing Party also must clearly identify the protected portion(s)

3    (e.g., by making appropriate markings in the margins) and must specify, for each portion, the

4    level of protection being asserted.

5         A Party or non-party that makes original documents or materials available for inspection

6    need not designate them for protection until after the inspecting Party has indicated which

7    material it would like copied and produced.  During the inspection and before the designation, all

8    of the material made available for inspection shall be deemed "CONFIDENTIAL."  After the

9    inspecting Party has identified the documents it wants copied and produced, the Producing Party

10   must determine which documents, or portions thereof, qualify for protection under this Order,

11   then, before producing the specified documents, the Producing Party must affix the appropriate

12   legend ("CONFIDENTIAL") at the top of each page that contains Protected Material.  If only a

13   portion or portions of the material on a page qualifies for protection, the Producing Party must

14   clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins) and

15   must specify, for each portion, the level of protection being asserted.

16    (b)     For testimony given in deposition or in other pretrial or trial proceedings, that the Party

17   or non-party offering or sponsoring the testimony identify on the record, before the close of the

18   deposition, hearing, or other proceeding, all protected testimony, and further specify any portions

19   of the testimony that qualify as "CONFIDENTIAL."  When it is impractical to identify separately

20   each portion of testimony that is entitled to protection, and when it appears that substantial

21   portions of the testimony may qualify for protection, the party or non-party that sponsors, offers,

22   or gives the testimony may invoke on the record (before the deposition or proceeding is

23   concluded) to a right to have up to twenty (20) days to identify the specific portions of the

24   testimony as to which protection is sought and to specify the level of protection being asserted.

25   Only those portions of the testimony that are appropriately designated for protection within the 20

26   days shall be covered by the provisions of this Stipulated Protective Order. The Court Reporter

27   shall be instructed to separately bind the pages of transcribed deposition testimony or exhibits that

28   contain Protected Material and to mark the cover of this separate volume "CONFIDENTIAL."

(c)      For information produced in some form other than documentary, and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or items is stored the label "CONFIDENTIAL."  If only portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portions, specifying that they qualify as "CONFIDENTIAL."

5.3      Inadvertent Failures to Designate.  If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

6.       CHALLENGING CONFIDENTIALITY DESIGNATIONS

6.1      Timing of Challenges.  Any Party or Non-Party may challenge a designation of confidentiality at any time. Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

6.2      Meet and Confer.  The Challenging Party shall initiate the dispute resolution process by providing written notice of each designation it is challenging and describing the basis for each challenge. To avoid ambiguity as to whether a challenge has been made, the written notice must recite that the challenge to confidentiality is being made in accordance with this specific paragraph of the Protective Order. The parties shall attempt to resolve each challenge in good faith and must begin the process by conferring directly (in person or by telephone; other forms of communication are not sufficient) within 14 days of the date of service of notice. In conferring, the Challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen

1  designation. A Challenging Party may proceed to the next stage of the challenge process only if it

2  has engaged in this meet and confer process first or establishes that the Designating Party is

3  unwilling to participate in the meet and confer process in a timely manner.

4  6.3      Judicial Intervention.  If the Parties cannot resolve a challenge without court intervention,

5  the parties shall follow the procedures for a Motion to Compel set forth by the Magistrate.  All

6  parties shall continue to afford the material in question the level of protection to which it is entitled

7  under the Producing Party's designation until the court rules on the challenge.

8  7.                    ACCESS TO AND USE OF PROTECTED MATERIAL

9  7.1            Basic Principles

10         Unless otherwise ordered by this court, a Receiving Party may use Protected Material that

11  is disclosed or produced by another Party or by a Non-Party in connection with this case only for

12  prosecuting, defending, or attempting to settle this litigation. Such Protected Material may be

13  disclosed only to the categories of persons and under the conditions described in this Order. When

14  the litigation has been terminated, a Receiving Party must comply with the provisions of section 11

15  below (FINAL DISPOSITION) unless otherwise ordered by this court.

16         Protected Material must be stored and maintained by a Receiving Party at a location and in

17  a secure manner that ensures that access is limited to the persons authorized under this Order.

18  7.2      Disclosure of Protected Material

19         Unless otherwise ordered by the court or permitted in writing by the Designating Party, a

20  Receiving Party may disclose any information or item designated "CONFIDENTIAL" or

21  "HIGHLY CONFIDENTIAL" only to:

22  (a)      The Receiving Party's Outside Counsel of Record in this action, as well as employees of

23  said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for

24  this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" that is

25  attached hereto as Exhibit A;

26  (b)      The officers, directors, and employees (including House Counsel) of the Receiving Party to

27  whom   disclosure   is   reasonably   necessary   for   this   litigation   and   who   have   signed   the

28  "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(c)    Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d)    The court and its personnel;

(e)    Court reporters and their staff, professional jury or trial consultants, mock jurors, and professional vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(f)    During their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), <u>unless otherwise agreed by the Designating Party or ordered by the court</u>. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order;

(g)    Parties to this litigation;

(h)    The author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information;

(i)    For purposes of evaluating the settlement value or potential jury verdict, Counsel for Plaintiff may discuss the general nature of the "CONFIDENTIAL Information" with Plaintiff.  Plaintiff's Counsel may also review with Plaintiff any statement or interview given by that Plaintiff.

8.    <u>PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION</u>

If a Receiving Party is served with a subpoena or an order issued in other litigation that would compel disclosure of any information or items designated in this action as "CONFIDENTIAL," the Receiving Party must so notify the Designating Party, in writing (by fax or e-mail, if possible) immediately and in no event more than three court days after receiving the subpoena or order.  Such notification must include a copy of the subpoena or court order.

The Receiving Party also must immediately inform in writing the Party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the

1  subpoena or order is the subject of this Protective Order.  In addition, the Receiving Party must

2  deliver a copy of this Stipulated Protective Order promptly to the Party in the other action that

3  caused the subpoena or order to issue.

4      The purpose of imposing these duties is to alert the interested parties to the existence of

5  this Protective Order and to afford the Designating party in this case an opportunity to try to

6  protect its confidentiality interests in the court from which the subpoena or order issued.  If the

7  Designating Party timely seeks a protective order, the Party served with the subpoena or court

8  order shall not produce any Protected Material before a determination by the court from which the

9  subpoena or order issued, unless the Party has obtained the Designating Party's permission. The

10  Designating Party shall bear the burdens and the expenses of seeking protecting in that court of its

11  confidential material – and nothing in these provisions should be construed as authorizing or

12  encouraging a Receiving party in this action to disobey a lawful directive from another court.

13  9.    UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

14      If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected

15  Material to any person or in any circumstance not authorized under this Stipulated Protective

16  Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the

17  unauthorized disclosures, (b) use its best efforts to retrieve all copies of the Protected Material, (c)

18  inform the person or persons to whom unauthorized disclosures were made of all the terms of this

19  Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to

20  Be Bound" that is attached hereto as Exhibit A.

21  10.    FILING PROTECTED MATERIAL

22      Without written permission from the Designating Party or a court order secured after

23  appropriate notice to all interested persons, a Party may not file in the public record in this action

24  any Protected Material.  A Party that seeks to file under seal any Protected Material must comply

25  with Civil Local Rule 79-5 and General Order 62.  Protected Material may only be filed under

26  seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue.

27  Pursuant to Civil Local Rule 79-5 and General Order 62, a sealing order will issue only upon a

28  request establishing that the Protected Material at issue is privileged, protectable as a trade secret,

or otherwise entitled to protection under the law. If a Receiving Party's request to file Protected Material under seal pursuant to Civil Local Rule 79-5(d) and General Order 62 is denied by the court, then the Receiving Party may file the information in the public record pursuant to Civil Local Rule 79-5(e) unless otherwise instructed by the court.

11.    FINAL DISPOSITION

Unless otherwise ordered or agreed in writing by the Producing Party, within sixty (60) days after the final termination of this action, defined as the dismissal or entry of judgment by the district court, or if an appeal is filed, the disposition of the appeal, each Receiving Party must return all Protected Material to the Producing Party.  As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries or any other form of reproducing or capturing any of the Protected Material.  With permission in writing from the Designating Party, the Receiving Party may destroy some or all of the Protected Material instead of returning it.  Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the sixty day deadline that identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and that affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or other forms of reproducing or capturing any of the Protected Material.  Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, transcripts, legal memoranda, correspondence or attorney work product, even if such materials contain Protected Material.  Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4 (DURATION), above.

12.    MISCELLANEOUS

12.1    Right to Further Relief. Nothing in this Order abridges the right of any person to seek its modification by the court in the future.

12.2    Right to Assert Other Objections. By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no

1   Party waives any right to object on any ground to use in evidence of any of the material covered by

2   this Protective Order.

3                    **IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD**

4

5   DATED:  February 18, 2015                    BRENT, FIOL & PRATT LLP

6

7                                        By:      _____/s/_____

8                                                David Fiol, Esq.
                                                 Attorneys for Plaintiff AARON SMITH

9

10

11  DATED:  February 18, 2015                    EDRINGTON, SCHIRMER & MURPHY LLP

12

13                                       By:      _____/s/_____

14                                               Timothy P. Murphy Esq.
                                                 Attorneys for Defendants

15

16

17               **PURSUANT TO STIPULATION, IT IS SO ORDERED.**

18  Dated: February 18_____, 2015

19                                               _____

20                                               MARIA-ELENA JAMES,
                                                 CHIEF U.S.  MAGISTRATE JUDGE

21

22

23

24

25

26

27

28

                                                 12
                                            Protective Order

**Acknowledgment and Agreement to Be Bound**

**Exhibit A to Stipulated Protective Order**

I,_____, (include complete name) of

_____( include company name and address), declare under

penalty of perjury that I have read in its entirety and understand the _____, 2015 Stipulated

Protective Order that was issued by the United States District Court for the Northern District of

California in *Smith v. County of Alameda et al*. CV14-03080 MEJ.  I agree to comply with, and

to be bound by, all the terms of this Stipulated Protective Order and I understand and

acknowledge that failure to comply could expose me to sanctions and punishment including

contempt of court.  I agree and promise that I will not disclose in any manner any information or

item that is subject to this Stipulated Protective Order to any person or entity except in strict

compliance with the provisions of this Stipulated Protective Order.

I further agree to submit to the jurisdiction of the United States District Court for the

Northern District of California for the purpose of enforcing the terms of this Stipulated Protective

Order, even if any enforcement proceedings occur after termination of this action.

I hereby appoint_____ (include complete name) of

_____ (include company name and address) as my

California agent for service of process in connection with this action or any proceedings related

to the enforcement of this Stipulated Protective Order.


DATED:  _____, 2015                    By: _____

1

Exhibit A to Protective Order

## CERTIFICATION BY TIMOTHY P. MURPHY PURSUANT TO LOCAL RULE NO.5-1, SECTION (i)(3). RE E-FILING ON BEHALF OF MULTIPLE SIGNATORIES

1.      I am an attorney licensed to practice law in the State of California, and am an attorney in the law firm of Edrington, Schirmer & Murphy, counsel for Defendants COUNTY OF ALAMEDA, SHERIFF GREGORY AHERN, SHERIFF'S DEPUTY ALBERT J. SAMS, SHERIFF'S DEPUTY J. SELLS, SHERIFF'S DEPUTY SCOTT BRANDON, SHERIFF'S DEPUTY MISTY JOHNSON, SHERIFF'S DEPUTY JUSTIN MIGUEL, SHERIFF'S DEPUTY MARC PETRINI, SHERIFF'S SERGEANT E. MARAPAO, SHERIFF'S DEPUTY S. LENTHE, SHERIFF'S DEPUTY J. WHITE AND SHERIFF'S SERGEANT RICHARD FRANCO.  The statements herein are made on my personal knowledge, and if called as a witness, I could and would testify thereto.

2.      The above e-filed document contains multiple signatures.  I declare that concurrence has been obtained from each of the other signatories to file this jointly prepared document with the Court.  Pursuant to Local Rule 5-1, section (i)(3), I shall maintain records to support this concurrence for subsequent production for the Court if so ordered, or for inspection upon request by a party until one year after final resolution of the action (including appeal, if any). I declare under penalty of perjury under the laws of the United States of California that the foregoing is true and correct on February 18, 2015.


    /s/
Timothy P. Murphy